## MATTER OF LO

### In Visa Petition Proceedings

### A-19465923

*Decided by Board June 6, 1973*

Beneficiary, the child of petitioner and petitioner's concubine, born in China in 1946, is not deemed to be legitimate within the purview of Article 1065, Civil Code of the Republic of China of 1931, since there is no evidence of any maintenance of beneficiary by petitioner prior to the year 1955; as the Civil Code was abolished in 1949 when the Chinese Communists gained control, the terms of Article 1065 were not met while they were still in effect. Hence, beneficiary is ineligible for preference classification under section 203(a)(2) of the Immigration and Nationality Act, as amended.

ON BEHALF OF RESPONDENT: Casimir F. Sojka, Esquire
80 Mott Street
New York, New York 10013
(Brief filed)

This is an appeal from the District Director's denial of a visa petition filed to classify the status of the beneficiary as the unmarried son of the petitioner, a lawful permanent resident. The petition was considered for benefits under section 203(a)(2) of the Immigration and Nationality Act. The District Director denied the petition for the reason that the petitioner did not establish that the beneficiary was his legitimate child. The appeal will be dismissed.

The beneficiary is a 27-year-old male born in China, allegedly to the petitioner and a woman who was his concubine. Legitimacy must be established when a father petitions for immigration benefits on behalf of a child, because an illegitimate child is accorded immigration benefits by virtue of its relationship to its mother only (section 101(b)(1)(D) of the Act).

At the time the beneficiary was born the law in effect in China regarding legitimation was the Civil Code of the Republic of China, Book of Family, Book IV, effective May 5, 1931, Article 1065 of which provides:

A child born out of wedlock who has been acknowledged by the natural father is deemed to be legitimate; where he has been maintained by the natural father, acknowledgment is deemed to have been established.

According to affidavits submitted with the petition, the beneficiary came to live with the petitioner and the petitioner's wife in 1955. There is no evidence of any maintenance of the beneficiary by the father prior to 1955. Inasmuch as the Civil Code was abolished in 1949, when the Chinese Communists gained control and abolished all laws of the Republic of China, the terms of Article 1065 of the Code were not met while they were still in effect.

Article 15 of the Marriage Law of the People's Republic of China, which was promulgated May 1, 1950, provides:

Children born out of wedlock shall enjoy the same rights as children born in lawful wedlock. No person shall be allowed to harm them or discriminate against them. Where the paternity of a child born out of wedlock is legally established by the mother of the child or by other witnesses or by other material evidence, the identified father must bear the whole or part of the cost of maintenance and education of the child until the age of eighteen.

In regard to the relationship between children born out of wedlock and their fathers, Article 15 refers to children whose paternity is "legally established." It does not describe the method for legally establishing the paternity. There is no evidence in this record that the paternity of the beneficiary was ever legally established. Thus the petitioner has not established that the beneficiary is his legitimate child.

The decision of the District Director was correct. We do not reach the questions of whether legally establishing paternity pursuant to Article 15 is tantamount to legitimation for immigration purposes or, if so, whether Article 15 has retroactive effect, serving to legitimate persons born prior to its promulgation.

**ORDER:** The appeal is dismissed.